JEFFER MANGELS BUTLER & MITCHELL LLP
RACHEL M. CAPOCCIA (CA Bar No. 187160)
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Telephone: (310) 203-8080
Facsimile: (650) 837-0030
E-mail: rcapoccia@jmbm.com

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
EDWARD H. RICE (*pro hac vice* forthcoming)
MARINA N. SAITO (*pro hac vice* forthcoming)
225 West Washington Street, Suite 2600
Chicago, IL  60606
Telephone: (312) 460-4200
Facsimile: (312) 460-4201
E-mail: rice@millercanfield.com
E-mail: saito@millercanfield.com

Attorneys for Plaintiff
PERMACITY CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERMACITY CORP.,<br><br>   Plaintiff,<br><br>  v.<br><br>ORION SOLAR RACKING INC.,<br>BOB (aka BABAK) SINAI and AHMET<br>AKMAN,<br><br>   Defendants. | Case No. 2:19-cv-1391<br><br>**COMPLAINT FOR INFRINGEMENT OF PATENTS AND BREACH OF CONTRACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff PermaCity Corp. ("PermaCity") for its Complaint against Defendants Orion Solar Racking Inc. ("Orion"), Bob (aka Babak) Sinai ("Sinai") and Ahmet Akman ("Akman"), alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action for infringement of U.S. Patent No. 9,742,347 (the '347 patent), U.S. Patent No. 9,985,574 (the '574 patent), and U.S. Patent No. 9,551,509 (the '509 patent), and for breach of contract.

## PARTIES

2.    PermaCity is a California corporation having a principal place of business at 525 S. Hewitt Street, Los Angeles, CA 90013.

3.    Orion is a California corporation with a principal place of business at 2917 Vail Avenue, Commerce, CA 90040.

4.    Sinai is a co-founder and Chief Executive Officer of Orion.  Sinai resides at 528 Palisades Drive, #933, Pacific Palisades, CA 90272.

5.    Akman is the Vice President and Chief Operating Officer of Orion. Akman resides at 3347 Bennett Drive, Los Angeles, CA 90068.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over the patent infringement claims under 28 U.S.C. §§ 1331 and 1338.

7.    This Court has supplemental jurisdiction over the other claims in this action under 28 U.S.C. § 1367 because they are so related to the patent infringement claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.    Orion is a California corporation that is authorized to do business in California and regularly transacts business in California.  Orion maintains its principal place of business in California.  Orion, therefore, is subject to personal jurisdiction in this Court.

9.     Orion also has committed acts of patent infringement in California.  For that reason as well, Orion is subject to personal jurisdiction in this Court.

10.    Sinai is subject to personal jurisdiction in this Court because he is a California resident.  This Court also has personal jurisdiction over Sinai because Sinai has regularly transacted business in California and has committed acts of patent infringement in the course of that business in California.

11.    Akman is subject to personal jurisdiction in this Court because he is a resident of California.  This Court also has personal jurisdiction over Akman because Akman has regularly transacted business in California and has committed acts of patent infringement in the course of that business in California.

12.    For the reasons stated above, venue is proper in this district under 28 U.S.C. §§ 1391(b)(1), 1391(b)(1) and 1400(b).

## FACTS

I.     The PermaCity Patents

A.     Background

13.    PermaCity is an innovative solar energy design and installation company that develops and sells solar energy systems as a sustainable, non-polluting energy source for homes and businesses.

14.    With the investment of substantial time and money, PermaCity has developed a novel, award-winning technology that allows installers to deploy solar energy systems more quickly and easily, and less expensively, than was possible previously.

15.    The United States Patent and Trademark Office has awarded PermaCity various patents on this technology, including the '347 patent, the '574 patent, and the '509 patent.

16.    PermaCity has the exclusive rights to make, use, sell and/or offer to sell any invention embodying the '347 patent claims, the '574 patent claims, and/or the

COMPLAINT FOR PATENT INFRINGEMENT AND BREACH OF CONTRACT

1   '509 patent claims throughout the United States, as well as the exclusive right to
2   import any invention embodying these patent claims into the United States.

3   **B.    The '347 Patent**

4   17.    PermaCity is the assignee and owner of all right, title and interest in and
5   to the '347 patent, which the United States Patent and Trademark Office issued on
6   August 22, 2017.  A true and correct copy of the '347 patent is attached as Exhibit A.

7   18.    The '347 patent claims an apparatus for mounting solar collector panels.
8   PermaCity's invention provides a critical advancement in mounting technology for
9   solar power systems.  This invention allows for rapid and easy installation of solar
10  power systems that uses minimal tools and minimizes roof penetrations.

11  19.    PermaCity's patented apparatus has been commercially successful and
12  has become the leading product of its kind in the market.

13  **C.    The '574 Patent**

14  20.    PermaCity is the assignee and owner of all right, title and interest in and
15  to the '574 patent, which the United States Patent and Trademark Office issued on
16  May 29, 2018.  A true and correct copy of the '574 patent is attached as Exhibit B.

17  21.    The '574 patent addresses a method of mounting solar collector panels.

18  22.    The '574 patent is related to the '347 patent; they both trace back to the
19  same original Patent Cooperation Treaty (PCT) patent application that PermaCity filed
20  on February 11, 2013.  Whereas the '347 patent claims address a solar panel mounting
21  apparatus, the '574 patent claims address a solar panel mounting method.

22  **D.    The '509 Patent**

23  23.    PermaCity is the assignee and owner of all right, title and interest in and
24  to the '509 patent, which the United States Patent and Trademark Office issued on
25  January 24, 2017.  A true and correct copy of the '509 patent is attached as Exhibit C.

26  24.    The '509 patent addresses a system for fastening a solar panel mounting
27  strap to a roof.  This invention allows for rapid and easy installation of solar power
28  systems that uses minimal tools and minimizes roof penetrations.

**E.    PermaCity's Patented Product**

25.    PermaCity manufactures, sells and markets, in this district, an embodiment of the invention claimed in the '347, '574 and '509 patents.  PermaCity calls this product the SolarStrap®.

26.    SolarStrap® has won several design awards and is the leading product of its kind in the market.

## II.    The Parties' Mutual Nondisclosure Agreement

27.    On July 3, 2013, Orion and PermaCity entered into a Mutual Nondisclosure Agreement ("NDA").  A true and correct copy of the NDA is attached as Exhibit D.

28.    Under the NDA, which Sinai executed for Orion, Orion agreed not to use PermaCity's Confidential Information "for any purpose except to evaluate and engage in discussions concerning a potential business relationship between the parties." Orion further agreed not to disclose PermaCity's Confidential Information to third parties.

29.    PermaCity disclosed its design for the SolarStrap® to Orion under the NDA with the understanding that Orion would keep the SolarStrap® design confidential.  PermaCity also provided a copy of a confidential engineering study that it had conducted on various lift and drag forces placed upon solar power systems.

30.    In or around February 2015, PermaCity learned that Orion manufactured and sold a solar power mounting system that appeared to be a nearly exact copy of the PermaCity SolarStrap® product.  At that time, the patent applications for the SolarStrap® product were not publicly available.  Accordingly, the SolarStrap® design was covered under the NDA.

31.    On February 3, 2015, counsel for PermaCity sent Orion a letter verifying that Orion was infringing various intellectual property rights that PermaCity possessed on the SolarStrap® product, including pending patent applications on technology

COMPLAINT FOR PATENT INFRINGEMENT AND BREACH OF CONTRACT

embodied in that product.  A true and correct copy of the February 3, 2015 letter is attached as Exhibit E.

32.    PermaCity also learned that Orion inappropriately used other confidential information, which included, without limitation, the confidential engineering study that PermaCity had conducted.  Upon information and belief, Orion copied PermaCity's confidential engineering study, removed PermaCity's name from the study and substituted Orion's own name, and then distributed the falsified copies to third parties.

## COUNT I—ORION'S INFRINGEMENT OF THE '347 PATENT

33.    PermaCity incorporates the allegations contained in paragraphs 1 through 32 of this Complaint as though fully set forth in this paragraph.

34.    Upon information and belief, Orion has been, and currently is, directly infringing at least claim 1 of the '347 patent by making, using, selling, offering to sell and/or importing certain commercial roof mount systems, including Orion's Ballasted and Non-Ballasted Roof Mount Systems.

35.    Upon information and belief, Orion also infringes the '347 patent indirectly by actively encouraging its customers to infringe the '347 patent directly by using the infringing Orion commercial roof mount systems.

36.    Orion encouraged this infringing activity even though it knew or reasonably should have known that PermaCity had a patent on the relevant technology.

37.    Orion's acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

38.    Unless Orion is enjoined, it will continue to infringe the '347 patent directly and to induce its customers to infringe.

39.    PermaCity has been irreparably harmed both by Orion's direct infringement and by Orion's actions inducing others to infringe.  Unless it is enjoined,

Orion will continue to harm PermaCity irreparably.  Monetary damages alone cannot compensate for this harm.

40.    Orion's infringement has been willful and deliberate.  Orion's deliberate infringement without any reasonable justification, makes this an exceptional case, entitling PermaCity to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

## COUNT II—ORION'S INFRINGEMENT OF THE '574 PATENT

41.    PermaCity incorporates the allegations contained in paragraphs 1 through 40 of this Complaint as though fully set forth in this paragraph.

42.    Upon information and belief, Orion has been, and currently is, indirectly infringing at least claim 1 of the '574 patent by actively encouraging its customers to infringe the '574 patent directly by installing the infringing Orion commercial roof mount systems, including Orion's Ballasted and Non-Ballasted Roof Mount Systems.

43.    Upon information and belief, Orion also indirectly infringes the '574 patent by providing the components of the infringing Orion commercial roof mount systems to its customers knowing that the components have no noninfringing use.

44.    Orion encouraged this infringing activity even though it knew or reasonably should have known that PermaCity had a patent on the relevant technology.

45.    Orion's acts constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b) and contributory infringement in violation of 35 U.S.C. § 271(c).

46.    Unless Orion is enjoined, it will continue to infringe the '574 patent.

47.    PermaCity has been irreparably harmed by Orion's infringement.  Unless it is enjoined, Orion will continue to harm PermaCity irreparably.  Monetary damages alone cannot compensate for this harm.

48.    Orion's infringement has been willful and deliberate.  Orion's deliberate infringement without any reasonable justification, makes this an exceptional case,

COMPLAINT FOR PATENT INFRINGEMENT AND BREACH OF CONTRACT

1  entitling PermaCity to an award of treble damages under 35 U.S.C. § 284 and an
2  award of attorney fees under 35 U.S.C. § 285.

3  ## COUNT III—ORION'S INFRINGEMENT OF THE '509 PATENT

4  49.    PermaCity incorporates the allegations contained in paragraphs 1 through
5  48 of this Complaint as though fully set forth in this paragraph.

6  50.    Upon information and belief, Orion has been, and currently is, directly
7  infringing at least claim 1 of the '509 patent by making, using, selling, offering to sell
8  and/or importing certain commercial roof mount fasteners ("the accused fasteners").

9  51.    Upon information and belief, Orion also infringes the '509 patent
10  indirectly by actively encouraging its customers to infringe the '509 patent directly by
11  using the accused fasteners.

12  52.    Orion encouraged this infringing activity even though it knew or
13  reasonably should have known that PermaCity had a patent on the relevant
14  technology.

15  53.    Orion's acts constitute active inducement of patent infringement in
16  violation of 35 U.S.C. § 271(b).

17  54.    Unless Orion is enjoined, it will continue to infringe the '509 patent
18  directly and to induce its customers to infringe.

19  55.    PermaCity has been irreparably harmed both by Orion's direct
20  infringement and by Orion's actions inducing others to infringe. Unless it is enjoined,
21  Orion will continue to harm PermaCity irreparably. Monetary damages alone cannot
22  compensate for this harm.

23  56.    Orion's infringement has been willful and deliberate. Orion's deliberate
24  infringement without any reasonable justification, makes this an exceptional case,
25  entitling PermaCity to an award of treble damages under 35 U.S.C. § 284 and an
26  award of attorney fees under 35 U.S.C. § 285.

27
28

## COUNT IV— SINAI'S INFRINGEMENT OF THE '347 PATENT

57.    PermaCity incorporates the allegations contained in paragraphs 1 through 56 of this Complaint as though fully set forth in this paragraph.

58.    Upon information and belief, Sinai actively encourages Orion to directly infringe the '347 patent by encouraging it to make, use, sell, offer for sale and/or import the infringing Orion roof mount systems, including Orion's Ballasted and Non-Ballasted Roof Mount Systems.

59.    Upon information and belief, Sinai communicates with Orion's customers and actively encourages those customers to use Orion's infringing roof mount systems.

60.    Sinai encouraged these infringing activities even though he knew or reasonably should have known that PermaCity had a patent pending on the relevant technology.

61.    These acts by Sinai constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

62.    Unless Sinai is enjoined, he will continue to infringe the '347 patent.

63.    PermaCity has been irreparably harmed by the infringement-inducing activities of Sinai.   Unless he is enjoined, Sinai will continue to impose this irreparable harm upon PermaCity.   Monetary damages alone cannot compensate for this harm.

64.    Sinai performed these infringing activities in a willful and deliberate manner.

65.    Sinai's willful activity makes this case exceptional and entitles PermaCity to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

## COUNT V— SINAI'S INFRINGEMENT OF THE '509 PATENT

66.    PermaCity incorporates the allegations contained in paragraphs 1 through 65 of this Complaint as though fully set forth in this paragraph.

67.    Upon information and belief, Sinai actively encourages Orion to directly infringe the '509 patent by encouraging it to make, use, sell, offer for sale and/or import the accused fasteners.

68.    Upon information and belief, Sinai communicates with Orion's customers and actively encourages those customers to use the accused fasteners.

69.    Sinai encouraged these infringing activities even though he knew or reasonably should have known that PermaCity had a patent pending on the relevant technology.

70.    These acts by Sinai constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

71.    Unless Sinai is enjoined, he will continue to infringe the '509 patent.

72.    PermaCity has been irreparably harmed by the infringement-inducing activities of Sinai.    Unless he is enjoined, Sinai will continue to impose this irreparable harm upon PermaCity.    Monetary damages alone cannot compensate for this harm.

73.    Sinai performed these infringing activities in a willful and deliberate manner.

74.    Sinai's willful activity makes this case exceptional and entitles PermaCity to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

**COUNT VI—AKMAN'S INFRINGEMENT OF THE '347 PATENT**

75.    PermaCity incorporates the allegations contained in paragraphs 1 through 74 of this Complaint as though fully set forth in this paragraph.

76.    Upon information and belief, Akman actively encourages Orion to directly infringe the '347 patent by encouraging it to make, use, sell, offer for sale and/or import the infringing Orion roof mount systems, including Orion's Ballasted and Non-Ballasted Roof Mount Systems.

77.    Upon information and belief, Akman communicates with Orion's customers and actively encourages those customers to use Orion's infringing roof mount systems.

78.    Akman encouraged these infringing activities even though he knew or reasonably should have known that PermaCity had a patent pending on the relevant technology.

79.    These acts by Akman constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

80.    Unless Akman is enjoined, he will continue to infringe the '347 patent.

81.    PermaCity has been irreparably harmed by the infringement-inducing activities of Akman.  Unless he is enjoined, Akman will continue to impose this irreparable harm upon PermaCity.  Monetary damages alone cannot compensate for this harm.

82.    Akman performed these infringing activities in a willful and deliberate manner.

83.    Akman's willful activity makes this case exceptional and entitles PermaCity to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

**COUNT VII—AKMAN'S INFRINGEMENT OF THE '509 PATENT**

84.    PermaCity incorporates the allegations contained in paragraphs 1 through 83 of this Complaint as though fully set forth in this paragraph.

85.    Upon information and belief, Akman actively encourages Orion to directly infringe the '509 patent by encouraging it to make, use, sell, offer for sale and/or import the accused fasteners.

86.    Upon information and belief, Akman communicates with Orion's customers and actively encourages those customers to use the accused fasteners.

87.    Akman encouraged these infringing activities even though he knew or reasonably should have known that PermaCity had a patent pending on the relevant technology.

88.    These acts by Akman constitute active inducement of patent infringement in violation of 35 U.S.C. § 271(b).

89.    Unless Akman is enjoined, he will continue to infringe the '509 patent.

90.    PermaCity has been irreparably harmed by the infringement-inducing activities of Akman.  Unless he is enjoined, Akman will continue to impose this irreparable harm upon PermaCity.  Monetary damages alone cannot compensate for this harm.

91.    Akman performed these infringing activities in a willful and deliberate manner.

92.    Akman's willful activity makes this case exceptional and entitles PermaCity to an award of treble damages under 35 U.S.C. § 284 and an award of attorney fees under 35 U.S.C. § 285.

## COUNT VIII—BREACH OF CONTRACT

93.    PermaCity incorporates the allegations contained in paragraphs 1 through 92 of this Complaint as though fully set forth in this paragraph.

94.    The NDA is a valid and enforceable contract between PermaCity and Orion.

95.    PermaCity performed all of its obligations under the NDA.

96.    Orion used confidential information regarding PermaCity's SolarStrap® product to manufacture its own roof mount system.  Orion copied the SolarStrap® product directly with no apparent significant differences of any kind.

97.    Orion also falsified a confidential PermaCity engineering document by replacing PermaCity's name with Orion's, and distributed the falsified document to third parties.

98.    As a result of these actions, Orion breached the NDA.

99.     PermaCity suffered injury as a result of Orion's breach.

## PRAYER FOR RELIEF

WHEREFORE, PermaCity asks this Court to:

a.     Find that the '347, '574, and '509 patents are valid and enforceable;

b.     Find that all Defendants have infringed the '347 and '509 patents;

c.     Find that Orion has infringed the '574 patent;

d.     Find that Orion breached the NDA with PermaCity;

e.     Permanently enjoin Defendants from infringing the '347, '574 and '509 patents;

f.     Award PermaCity damages sufficient to compensate it for Defendants' past infringement of the '347, '574 and '509 patents, together with costs and prejudgment interest;

g.     Award PermaCity treble damages under 35 U.S.C. § 284;

h.     Award PermaCity its reasonable attorney fees under 35 U.S.C. § 285;

i.     Award all available common law and statutory damages and restitution; and

j.     Award PermaCity such other and further relief as may be just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

COMPLAINT FOR PATENT INFRINGEMENT AND BREACH OF CONTRACT

1

2

3

Dated:    February 25, 2019

**JEFFER MANGELS BUTLER & MITCHELL LLP**
**MILLER, CANFIELD, PADDOCK AND STONE P.L.C.**

4

5

By:    /s/ Rachel M. Capoccia

6

7

Rachel M. Capoccia
JEFFER MANGELS BUTLER & MITCHELL LLP

8

9

10

Edward H. Rice
Marina N. Saito
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

11

12

Attorneys for Plaintiff
PERMACITY CORP.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28